**RECORD NO. 12-4226**

In The

# United States Court Of Appeals

For The Fourth Circuit

**UNITED STATES OF AMERICA,**

*Plaintiff – Appellee,*

v.

**FREDDIE LEE HANSON,**

*Defendant – Appellant.*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
AT CHARLOTTE**

———————

**BRIEF OF APPELLANT**

———————

**Henderson Hill, Director**
**FEDERAL DEFENDERS OF
 WESTERN NORTH CAROLINA, INC.**

**Ann L. Hester**
*Counsel of Record*
**Assistant Federal Defender**
**129 West Trade Street**
**Suite 300**
**Charlotte, NC  28202**
**(704) 374-0720**

*Counsel for Appellant*

# **TABLE OF CONTENTS**

**PAGE**:

TABLE OF AUTHORITIES ................................................................................ ii

NATURE OF THE APPEAL ...............................................................................1

STATEMENT OF JURISDICTION.....................................................................1

STATEMENT OF THE ISSUE.............................................................................1

STATEMENT OF THE CASE..............................................................................2

STATEMENT OF THE FACTS ...........................................................................2

    I.     The Offense Conduct ............................................................................2

    II.    Sentencing Hearing ...............................................................................3

SUMMARY OF ARGUMENT .............................................................................5

ARGUMENT .........................................................................................................5

    I.     The District Court Erred by Failing to Grant a Downward Departure for Substantial Assistance. ....................................................5

         A.    Standard of Review...................................................................5

         B.    Discussion .................................................................................6

CONCLUSION......................................................................................................8

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# **TABLE OF AUTHORITIES**

**PAGE(S)**:

**CASES**:

*Anders v. California*,
    386 U.S. 738 (1967)..................................................................................1

*McCoy v. Wisconsin*,
    486 U.S. 429 (1988)..................................................................................1

*Melendez v. United States*,
    518 U.S. 120 (1996) .................................................................................6

*Penson v. Ohio*,
    488 U.S. 75 (1988)....................................................................................1

*United States v. Allen*,
    450 F.3d 565 (4th Cir. 2006) ....................................................................6

*United States v. Heath*,
    559 F.3d 263 (4th Cir. 2009) ....................................................................6

*United States v. Maddox*,
    48 F.3d 791 (4th Cir. 1995) ..................................................................6, 7

*Wade v. United States*,
    504 U.S. 181 (1992)..................................................................................7

**STATUTES**:

18 U.S.C. § 2 ...................................................................................................2

18 U.S.C. § 3231 .............................................................................................1

18 U.S.C. § 3553(e) ................................................................................1, 5, 6

18 U.S.C. § 3583 .............................................................................................1

18 U.S.C. § 3742 ..................................................................................................1

21 U.S.C. § 841(a)(1) ...........................................................................................2

21 U.S.C. § 841(b)(1)(A) .....................................................................................2

21 U.S.C. § 846 ................................................................................................1, 2

28 U.S.C. § 1291 ..................................................................................................1

**SENTENCING GUIDELINE**:

USSG § 5K1.1 ..........................................................................................1, 4, 5, 6

**RULE**:

Fed. R. Crim. P. 11 ..........................................................................................2, 7

## NATURE OF THE APPEAL

Appellant Freddie Lee Hanson submits this Brief to the Court under *Anders v. California*, 386 U.S. 738 (1967), as more fully explained in *McCoy v. Wisconsin*, 486 U.S. 429 (1988), and *Penson v. Ohio*, 488 U.S. 75 (1988).

Counsel for Hanson has determined, after a careful examination of the whole record in Hanson's case, that Hanson has no meritorious grounds for appeal. Counsel has set forth below the issue that Hanson has requested she pursue.

## STATEMENT OF JURISDICTION

Hanson appeals from a judgment and sentence entered on March 16, 2012, in the United States District Court for the Western District of North Carolina. Judgment, United States v. Hanson, No. 3:10-cr-186 (W.D.N.C. Mar. 16, 2012). The district court had jurisdiction under 21 U.S.C. § 846 and 18 U.S.C. §§ 3231 and 3583. This Court has jurisdiction to hear the appeal under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

## STATEMENT OF THE ISSUE

Whether the district court erred by failing to grant a downward departure below Hanson's statutory minimum sentence, under 18 U.S.C. § 3553(e) and USSG § 5K1.1, after Hanson provided assistance to the government implicating his co-defendant.

## STATEMENT OF THE CASE

On October 28, 2010, Freddie Lee Hanson pleaded guilty without a written plea agreement, to conspiracy to distribute crack cocaine, in violation of 21 U.S.C. § 846, and three counts of possessing with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) and 18 U.S.C. § 2. Indictment, No. 3:10-cr-186 (W.D.N.C. Aug. 18, 2010); Transcript of Plea and Rule 11 Hearing at 7, No. 3:10-cr-186 (W.D.N.C. Oct. 28, 2010). On March 15, 2012, the district court sentenced him to 120 months' imprisonment for each of the four counts, to run concurrently, and five years of supervised release. *See* Judgment.

Hanson timely filed a notice of appeal. Notice of Appeal, No. 3:10-cr-186 (W.D.N.C. Mar. 19, 2012).

## STATEMENT OF THE FACTS

**I.    The Offense Conduct**

In the spring and summer of 2010, the Drug Enforcement Administration ("DEA") and the Charlotte-Mecklenburg Police Department ("CMPD") began investigating Hanson on suspicion of selling crack cocaine. PSR ¶ 4, No. 3:10-cr-186 (Nov. 7, 2011). Hanson sold crack cocaine on three occasions to an undercover agent in amounts exceeding 50 grams. PSR ¶¶ 6, 7, & 8. As part of the investigation, the DEA and CMPD also conducted surveillance on Hanson's

associates in Charlotte, which included Charles Anderson Sherrill, Jr., Hanson's co-defendant. *Id.* ¶¶ 4, 7 & 8.

On June 9, 2010, Hanson was arrested. *Id.* ¶ 8. He agreed to be interviewed and confirmed that Sherrill supplied him with the drugs. *Id.* He also agreed to cooperate with the arresting officer by calling Sherrill. Transcript of Sentencing Hearing [Stp.] at 19, No. 3:10-cr-186 (Mar. 5, 2012).

## II.   Sentencing Hearing

The court held Hanson's sentencing hearing on March 5, 2011. Stp. 1. It noted that Hanson's guidelines range was 121 to 151 months for each count because he had an offense level of 29 and a criminal history category of IV. Stp. 8. The court also noted that Hanson was subject to a statutory minimum sentence of 120 months. Stp. 8. Defense counsel explained to the court that she understood that the court's and defense counsel's "hands are tied" with the ten-year minimum sentence but that she was "appealing to the government here for that." Stp. 12. Hanson's counsel asked the court to impose a sentence at the low end of the guidelines range, because Hanson had been taking substance abuse and domestic violence awareness classes while in jail, and his family was supportive. Stp. 9. In addition, defense counsel noted the potential for an unwarranted sentencing disparity between Hanson and his co-defendant and drug supplier, Sherrill, because Sherrill received a 50-month sentence, while Hanson faced a mandatory minimum

3

sentence of 120 months' incarceration. Stp. 14. Defense counsel appealed to the government to make a motion for a downward departure under USSG § 5K1.1, because Hanson had provided substantial assistance to the government in its investigation of Sherrill. Hanson asserted that at the government's direction, he called and talked to Sherrill, which led to Sherrill's arrest. Stp. 10.

The government recommended a sentence at the low end of the guidelines range but refused to make a § 5K1.1 motion. Stp. 18, 19. It argued that although Hanson was truthful and cooperated, he did not provide investigators with any information they did not already have. Stp. 19. Sherrill was already under investigation, and according to the government, Hanson was unable to complete a call to Sherrill, who was in the process of being arrested himself, because of poor cell-phone reception. Stp. 20. The government also noted that Sherrill's sentence was lower for a number of reasons, including the fact that was responsible for less crack cocaine, he had a criminal history category of I because of the age of many of his prior convictions, he was safety-valve eligible, and the government made a § 5K1.1 motion based on his help in securing convictions of other members of the drug conspiracy. Stp. 21

The district court sentenced Hanson to the statutory mandatory minimum of 120 months' imprisonment on each count, to be served concurrently. Stp. 27. It concluded that he deserved a one-month downward departure from the bottom of

4

his guidelines range due to his assistance to the government. Stp. 27. The court also imposed a five-year term of supervised release. Stp. 28.

## **SUMMARY OF ARGUMENT**

Hanson argues that the district court erred by failing to downwardly depart from his mandatory minimum sentence under 18 U.S.C. § 3553(e) and USSG § 5K1.1. Hanson provided assistance to the government by calling Sherrill and was honest about his involvement in selling crack cocaine. Hanson was unable to provide more information, because he was a low-ranking member of the drug conspiracy and did not have information about other members of the conspiracy besides Sherrill. Sherrill, who was arguably more culpable than Hanson because he was the supplier of the drugs and knew more about the conspiracy, obtained a § 5K1.1 departure. However, because it is the government's prerogative to make a motion for a downward departure under 18 U.S.C. § 3553(e) and § 5K1.1, the district court did not abuse its discretion by failing to grant such a departure.

## **ARGUMENT**

### I. The District Court Erred by Failing to Grant a Downward Departure for Substantial Assistance.

#### A. Standard of Review

This Court reviews sentencing decisions for an abuse of discretion, examining whether the district court committed a significant procedural error and,

if no such error exists, next examining whether the sentence is substantively reasonable. *United States v. Heath*, 559 F.3d 263, 266 (4th Cir. 2009).

### B.   Discussion

Under United States Sentencing Guideline § 5K1.1, "the court may depart from the guidelines" for substantial assistance, but only "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense." USSG § 5K1.1. A defendant who is subject to a statutory mandatory minimum sentence may be sentenced below that minimum based on substantial assistance, but only "[u]pon motion of the Government." 18 U.S.C. § 3553(e). Therefore, it is within the sole discretion of the government to make a motion for downward departure based on substantial assistance. *Melendez v. United States*, 518 U.S. 120, 129-30 (1996) (before a district court may sentence below a statutory mandatory minimum, the government must specifically move for such a departure); *United States v. Allen*, 450 F.3d 565 (4th Cir. 2006) (same); *United States v. Maddox*, 48 F.3d 791, 795 (4th Cir. 1995) ("This Court has held that absent a motion by the government, district courts cannot consider whether a defendant is entitled to a downward departure from the Sentencing Guidelines range based on substantial assistance").

The Supreme Court has established two exceptions to that rule. "A district court may review the government's refusal to file a substantial assistance motion, and grant a remedy, if the court finds that the refusal: (1) is based on an unconstitutional motive; or (2) is not rationally related to a legitimate government objective." *Maddox*, 48 F.3d at 795 (citing *Wade v. United States*, 504 U.S. 181, 184-87 (1992)). Additionally, the government can be required to file a substantial assistance motion if there is a plea agreement requiring it to file the motion. *Id.* at 795-96.

These exceptions do not apply in this case. Hanson pleaded guilty without a plea agreement. Transcript of Plea and Rule 11 Hearing at 7. Because Hanson and the government did not enter into a contractual relationship, the government was not contractually obligated to make a downward departure motion. The record also does not indicate that its decision was improperly motivated. The government explained that it decided not to make a downward departure motion because the information that Hanson provided did not lead to Sherrill's arrest because investigators were already investigating Sherrill. Stp. 19-20.

Accordingly, the district court had no discretion to depart below Hanson's mandatory minimum sentence. Nonetheless, as the government admitted, Hanson "tr[ied] to cooperate" and was "truthful," had described his drug activities, named Sherrill as his supplier and tried to call Sherrill. Stp. 19. The district court

7

"underst[ood] why [Hanson was] troubled by such a lengthy sentence" when his arguably more culpable co-defendant received a sentence less than half as long as the that one he received. Stp. 26.

Yet, because the district court had no authority to do so, the court did not err in declining to downwardly depart from Hanson's mandatory minimum sentence of 120 months' imprisonment. Therefore, Hanson's sentence is not procedurally or substantively unreasonable.

## **CONCLUSION**

Hanson respectfully asks the Court of Appeals for the Fourth Circuit to review the record carefully to determine if there are issues of merit which may be raised and which would warrant the Court vacating the judgment entered in this matter and remanding the case to the district court for future disposition.

This, the 23rd day of May, 2012.

             Henderson Hill, Director
             Federal Defenders of
             Western North Carolina, Inc.

             /s Ann L. Hester
             Ann L. Hester
             Assistant Federal Defender
             129 W. Trade St., Suite 300
             Charlotte, NC 28202
             (704) 374-0720
             Counsel for Appellant

# **CERTIFICATE OF COMPLIANCE WITH RULE 32(a)**

Certificate of Compliance with Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

    this brief contains <u>1,704</u> words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    this brief has been prepared in a proportionally spaced typeface using <u>Microsoft Word</u> in <u>14 point Times New Roman</u>.

/s/ Ann L. Hester
Counsel for Appellant

Dated:  May 23, 2012

# CERTIFICATE OF FILING AND SERVICE

I hereby certify that on May 23, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

Amy E. Ray
OFFICE OF THE U.S. ATTORNEY
United States Court House
100 Otis Street
Room 233
Asheville, NC 28801

*Counsel for Appellee*

I further certify that one copy of the brief was mailed to the Defendant at her last known address of:

Freddie Lee Hanson, Reg. No. 25928-058
FCI Bennettsville Federal Correctional Inst.
P.O. Box 52020
Bennettsville, SC 29512

The necessary filing and service were performed in accordance with the instructions given to me by counsel in this case.

/s/ Karen R. Taylor
Karen R. Taylor
GIBSON MOORE APPELLATE SERVICES, LLC
421 East Franklin Street, Suite 230
Richmond, VA 23219